IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

KELVIN O MILES,

    Plaintiff,
v.                                            CASE NO. 1:12-cv-31-MP-GRJ

L JACKSON, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate confined at Appalachee Correctional Institution, initiated this case by filing a *pro se* Complaint pursuant to 42 U.S.C § 1983 and seeks leave to proceed as a pauper. Docs. 1 & 2. Plaintiff is proceeding pursuant to an Amended Complaint. Doc. 5. Plaintiff alleges that he was subjected to an excessive use of force while he was detained at the Alachua County Jail. This case is before the Court for screening pursuant to 28 U.S.C § 1915(b)(2), governing proceedings *in forma pauperis*.

On June 22, 2012, the Court deferred a ruling on Plaintiff's IFP motion and ordered Plaintiff to show cause as to why this case should not be dismissed for abuse of the judicial process because Plaintiff failed to truthfully disclose all of his prior federal cases, as required on the complaint form. Doc. 8. Plaintiff responded to the show cause order by filing a notice seeking voluntary dismissal of this case pursuant to Fed. R. Civ. P. 41(a). Doc. 9. For the following reasons, the undersigned recommends that leave to proceed as a pauper be denied, and that this case be dismissed for abuse of the judicial process.

Plaintiff executed the civil rights complaint form under penalty of perjury. Doc. 5 at 7. Section IV of the Court's civil rights complaint form requires prisoners to disclose

information regarding previous lawsuits, including whether they have initiated other actions in state or federal court dealing with the same or similar facts involved in the instant case, whether they have initiated other cases dealing with the fact or manner of their incarceration (including habeas corpus petitions), and whether they have "ever had any actions in federal court dismissed as frivolous, malicious, for failure to state a claim, or prior to service," and if so to "identify each and every case so dismissed." Doc. 5 at 3-4. The form expressly warns that "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL." Doc. 5 at 3.

In response to these questions, Plaintiff identified one prior civil case filed in the Southern District of Florida: *Miles v. South Florida Reception Center*, Case No. 1:08-cv-20612 (12/15/10, granting summary judgment for defendants). Plaintiff also disclosed that his appeal to the Eleventh Circuit in this case was dismissed as frivolous. *See* Doc. 5 at 4.

A review of the Court's PACER Case Locator reflects that, contrary to his sworn allegations, Plaintiff filed at least one additional civil rights case and two habeas corpus cases while he was incarcerated, none of which were disclosed in the instant amended complaint. *See Miles v. Moore*, Case No. 3:01-cv-196-LAC-SMN (N.D. Fla. 9/25/01) (dismissing case for failure to comply with an order of the court); *Miles v. Sec'y*, Case No. 1:06-cv-20342 (S.D. Fla. 6/21/06) (denying petition); *Miles v. Sec'y*, Case No. 1:96-cv-2927 (S.D. Fla. 6/5/97) (dismissing time-barred petition).

In the absence of any basis for excusing a plaintiff's lack of candor, failure to

disclose and truthfully describe *all* previous cases as clearly required on the Court's prisoner civil rights complaint form warrants dismissal of the complaint for abuse of the judicial process. *See Redmon v. Lake County Sheriff's Office*, No. 10-11070, 2011 WL 576601 *4 (11th Cir. Feb. 10, 2011).[1] In *Redmon,* the Eleventh Circuit affirmed the dismissal of a prisoner's civil rights complaint that did not disclose a previous lawsuit. The plaintiff argued that he "misunderstood" the form, but the Court held that the district court had the discretion to conclude that the plaintiff's explanation did not excuse his misrepresentation because the complaint form "clearly asked Plaintiff to disclose previously filed lawsuits[.]"  *Id*.  The Court determined that dismissal was an appropriate sanction:

> Under 28 U.S.C. § 1915, "[a] finding that the plaintiff engaged in bad faith litigiousness or manipulative tactics warrants dismissal." *Attwood v. Singletary,* 105 F.3d 610, 613 (11th Cir.1997). In addition, a district court may impose sanctions if a party knowingly files a pleading that contains false contentions. Fed.R.Civ.P. 11(c).  Although *pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys, a plaintiff's *pro se* status will not excuse mistakes regarding procedural rules. *McNeil v. United States,* 508 U.S. 106, 113, 113 S.Ct. 1980, 1984, 124 L.Ed.2d 21 (1993).

*Id*.

In addition to revealing whether a prisoner is subject to the PLRA's "three strikes" provision, the information required on the form assists the Court in efficiently managing prisoner litigation by showing whether a complaint is related to or is affected by another case.  The failure to exercise candor in completing the form -- while attesting to the Court that that the answers are made under penalty of perjury -- impedes the Court in managing its caseload and merits the sanction of dismissal.  *See Redmon*, 2011 WL

---

[1] Pursuant to 11th Cir. Rule 36-2, unpublished opinions are not binding precedent but may be cited as persuasive authority.

576601, at *4; *Johnson v. Crawson*, No. 5:08-cv-300, 2010 WL 1380247, at *2 (N.D. Fla. Mar. 3, 2010) ("If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants."); *Paulcin v. McNeil*, No. 3:09-cv-151, 2009 WL 2432684, at *2 (N.D. Fla. Aug. 6, 2009) ("If the court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The court will not tolerate false responses or statements in any pleading or motion filed before it.").

Plaintiff's Notice, Doc. 9, makes no showing of cause for excusing his lack of candor. Plaintiff asserts that he has an "absolute right" to voluntarily dismiss this case pursuant to Fed. R. Civ. P. 41(a). But Rule 41 provides that a plaintiff's right to dismiss an action without a court order is "[s]ubject to . . . any applicable federal statute[.]" The Court has undertaken review and screening of the Amended Complaint and Plaintiff's motion for leave to proceed as a pauper pursuant to 28 U.S.C § 1915(e)(2) and the screening provisions of the PLRA, 28 U.S.C § 1915A. Such review and screening reflects that this case should be dismissed for abuse of the judicial process, which will operate as a "strike" under 28 U.S.C § 1915(g). *See Pinson v. Grimes*, 391 Fed. Appx. 797 (11th Cir. 2010) (failure to disclose previous cases warrants dismissal without prejudice for abuse of judicial process and issuance of a strike under three-strikes provision).

Accordingly, it is respectfully **RECOMMENDED** that leave to proceed as a

pauper, Doc. 2, should be **DENIED**, and that this case should be **DISMISSED** for abuse of the judicial process.  Such dismissal should be without prejudice to Plaintiff's right to refile his claims, but will operate as a "strike" pursuant to  28 U.S.C § 1915(g).

**IN CHAMBERS**  this 19th day of July 2012.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.